# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL L. MACIAS,
            Appellant,

            v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
SF-0752-15-0385-I-2

DATE: June 17, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel J. Kirkpatrick, Esquire, Plymouth, Michigan, for the appellant.

Michael L. Halperin, Esquire, Monterey, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Prior to his removal, the appellant was a Police Officer, GS-0083-06, at the U.S. Army Garrison Presidio of Monterey, California. *Macias v. Department of the Army*, MSPB Docket No. SF-0752-15-0385-I-1, Initial Appeal File (IAF), Tab 8 at 6. He was removed based on four charges, which are summarized as follows:

1. Failure to observe written regulations, orders, rules or procedures (where safety to persons or property <u>is</u> endangered), a charge arising from the appellant's unsafe operation of his police vehicle during the overnight shift on September 26, 2014 (four specifications). Such activity violated the California Vehicular Code and agency Standard Operating Procedures (SOPs).

2. Failure to observe written regulations, orders, rules or procedures (where safety to persons or property is not endangered), a charge arising from the appellant's second offense of engaging in police operations outside of the jurisdiction of the department during the overnight shift on September 26, 2014 (two specifications). Such activity potentially violated restrictions on military aid to civilian law enforcement imposed by 18 U.S.C. § 1385, commonly known

as the Posse Comitatus Act, and violated agency SOPs 4.15 and 5.18.[2]

3. Misuse of government property (patrol vehicle), a charge based on the appellant's use of his vehicle for other than official purposes during the overnight shift on September 26, 2014.

4. Conduct Unbecoming a Federal Employee, a charge based on the appellant's allegedly untruthful responses during an agency investigation of his activity on September 26, 2014 (2 specifications).

IAF, Tab 9 at 7-9.

¶3      On appeal, the administrative judge found that witness testimony and dashboard videos clearly substantiated the first charge. *Macias v. Department of the Navy*, MSPB Docket No. SF-0752-15-0385-I-2, Appeal File (I-2 AF), Tab 17, Initial Decision (ID) at 3. Indeed, the appellant admitted to the underlying facts. *See, e.g.*, IAF, Tab 12 at 22-23. The administrative judge sustained the second charge after finding the appellant's account of his activities during his shift on September 26, 2014, to be less than credible. ID at 4-6. The administrative judge sustained the third charge, as the appellant had admitted to the underlying facts. ID at 7. The administrative judge declined to sustain the fourth charge because he could not discern how the appellant had been untruthful during the investigation. ID at 8. The administrative judge found that the agency established nexus and the three sustained charges warranted the penalty of removal.[3] ID at 9-13.

¶4      The appellant challenged the removal penalty and proffered evidence regarding several comparator employees. ID at 11-12; I-2 AF, Tab 4 at 20-106, Tab 5 at 4-34. The administrative judge found that the agency proved by

---

[2] These SOPs are located at IAF, Tab 17 at 4-7, 15-21.

[3] The appellant does not appear to challenge the administrative judge's findings regarding the charges and nexus on review. Thus, we do not further address these findings on review.

preponderant evidence the legitimate reasons for the difference in treatment between the appellant and the comparators. ID at 12-13. The administrative judge further found that the penalty of removal in this case did not exceed the bounds of reasonableness in light of the proposing and deciding officials' careful consideration of all the relevant factors. ID at 13.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The appellant argues on review that the deciding official failed to consider all of the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), because he did not actually request or review records from several disciplinary cases involving similarly situated police officers before he issued the removal decision. Petition for Review (PFR) File, Tab 1 at 5, 11-19. Yet, the appellant explains, the deciding official stated in the decision notice that he found "the penalty of removal . . . consistent with the table of penalties (as cited in the proposal letter) and with other actions at this installation." *Id.* at 18; IAF, Tab 8 at 9. Thus, the decision notice, he concludes, was faulty. PFR File, Tab 1 at 18. The appellant further explains that he only became aware of comparator employees during discovery. *Id.* at 16; *see* I-2 AF, Tab 5 at 35-67. For these reasons, he argues, the agency violated his right of procedural due process. PFR File, Tab 1 at 16; *see id.* at 26-28.

¶6 The appellant also contends that the administrative judge ignored the agency's failure to consider comparator evidence, which he asserts supports mitigation of the penalty. *Id.* at 11, 16. Although the administrative judge examined the comparator evidence, the appellant argues, he "sidestepped any meaningful analysis concerning the discipline comparators, and [the] deciding official's complete ignorance concerning [disparate] penalty." *Id.* at 16.

¶7 The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306. When, as

here, the agency fails to prove all of its charges, the administrative judge must carefully consider whether the sustained charges merit the penalty imposed by the agency. *Id.* at 308. Additionally, where the appellant alleges disparate penalties without a claim of prohibited discrimination, he must show that the charges and circumstances surrounding the charged behavior are substantially similar to trigger the agency's evidentiary burden on the matter. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶ 5-6 (2010). The Board will consider such an allegation in determining the reasonableness of the penalty, but an allegation of disparate penalties is not itself an affirmative defense. *Id.*, ¶ 5.

¶8         The record shows that the deciding official gave careful consideration to the *Douglas* factors. IAF, Tab 8 at 8-9; *see* IAF, Tab 9 at 10-11; *Douglas*, 5 M.S.P.R. at 305-06. He especially considered the nature and seriousness of the misconduct and its relation to the appellant's duties, position, and responsibilities as a law enforcement officer. IAF, Tab 8 at 8; *see Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010) (holding that the most important factor in assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities). The agency also considered that the appellant, though only having served since 2009, already had a history of disciplinary actions. IAF, Tab 8 at 8-9, Tab 9 at 10; *see Douglas*, 5 M.S.P.R. at 305 (holding that the agency, when assessing the penalty, will consider the employee's past disciplinary record and his past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability). The appellant had received a 7-day suspension for failure to observe written regulations, orders, rules or procedures where safety of a person was endangered in November 2011, IAF, Tab 15 at 13; a letter of counseling for two instances of Absence Without Official Leave in June 2014, IAF, Tab 14 at 35; and a letter of counseling for failure to follow instructions in July 2014, *id.* at 33. Additionally, he had been advised on the night of the events not to initiate

interactions, but merely to respond to calls for service. IAF, Tab 11 at 14-16, 18. The administrative judge carefully reweighed all of these factors in light of the fact that one charge had not been sustained.[4] ID at 9-11.

¶9 As for the appellant's proffer of comparator employees, the deciding official admitted that he did not ask the Civilian Personnel Office for comparator cases, and instead relied upon the institutional memory of the Deputy Chief, who was a 30-year employee of the department. I-2 AF, Tab 5 at 85-86. He explained that the Deputy Chief told him that he had never seen a situation as serious as this one. *Id.* at 85. The appellant asserts that the deciding official's failure to identify and consider the alleged comparators violated his right of procedural due process. PFR File, Tab 1 at 16.

¶10 The deciding official, however, did not deprive the appellant of the information upon which the penalty decision was based. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (holding that procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process). The appellant clearly was aware of the Deputy Chief's considerations regarding the penalty factors, because the Deputy Chief also was the proposing official and he included a relevant *Douglas* analysis in the proposal notice. IAF, Tab 9 at 10-11.

¶11 Even if erroneous, the deciding official's failure to find and address the specific comparators that the appellant proffered is not fatal. An agency's error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have

---

[4] The administrative judge characterized the unsustained charge as "the 'least' of the four charges, under all the circumstances." ID at 8.

reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). Here, the appellant has asserted little more than a theoretical possibility of prejudice. The Board has long held that such assertions are an insufficient basis for inferring actual prejudice. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 514 (1980). Additionally, several documents related to the comparator cases show that the Chief, Deputy Chief, or Watch Commander in this case was the proposing or deciding official. *See, e.g.*, I-2 AF, Tab 4 at 26, 42, 55, 59, 62, 73, 77, 89, 102, 106; I-2 AF, Tab 5 at 13, 21. The appellant thus cannot legitimately assert that the proposing and deciding officials were unfamiliar with the comparator cases.

¶12 In any event, the administrative judge reweighed the *Douglas* factors in light of his decision not to sustain one of the charges. ID at 9-13; *see Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 24 (2012) (citing *Douglas*, 5 M.S.P.R. at 308). In doing so, the administrative judge fully considered the comparator evidence. When an appellant raises an allegation of disparate penalties in comparison to specified employees, the agency must prove a legitimate reason for the difference in treatment by a preponderance of the evidence before the penalty can be upheld. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 20 (2010). An appellant will not make his case for disparate penalties unless there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 24 (2012). There are, however, no hard and fast rules regarding the "outcome determinative" nature of such factors as to whether the proffered comparator was in the same work unit, with the same supervisor, and was subjected to the same standards governing discipline. *Lewis*, 113 M.S.P.R. 657, ¶¶ 12, 15.

¶13 The appellant's comparator evidence pertained to 14 persons, who were or are officers in the same department. I-2 AF, Tab 4 at 24-106, Tab 5 at 4-34. In

examining the documents, which include proposal and decision letters and *Douglas* factor worksheets, the administrative judge noted that none of the comparators had as many as three charges levied against them, and that, unlike the appellant, none had three instances of prior discipline, much less already had been disciplined for similar misconduct.  ID at 13; *see* IAF, Tab 9 at 10, Tab 14 at 33, 35, Tab 15 at 13.  Although some comparators had been charged with violations related to the Posse Comitatus Act, *see, e.g.*, I-2 AF, Tab 5 at 26, none had three such violations during the same shift.  ID at 13; *cf.*, IAF, Tab 9 at 8-9. The administrative judge noted that several comparators had expressed remorse for their actions, but the appellant had not.  ID at 13.  The administrative judge further noted that, unlike the appellant, some of the comparators were longstanding employees with outstanding performance records.  *Id.*  The administrative judge thus found by preponderant evidence that the comparators were not similarly situated and that the agency had legitimate reasons for the differences in treatment between the appellant and the comparators.  *Id.*; *see Lewis*, 113 M.S.P.R. 657, ¶¶ 12, 15.  Our examination of the record leads us to the same conclusion.[5]

¶14      The appellant raises two additional issues regarding the second charge, which arose from his engagement in police operations outside the department's jurisdiction.  He argues that the agency failed to prove that he had participated in such activity and instead only established that he had monitored the activities of another police department.  PFR File, Tab 1 at 19-22.  He notes that it is sometimes necessary for officers to travel outside of the department's geographic boundaries while on duty, and that a limited amount of interaction with and monitoring of the activities of other police departments is acceptable.  *Id.* at 19, 21-22.  He further argues that, although he operated his vehicle at a high rate of

---

[5] The agency considered and rejected a lesser penalty.  The appellant's Watch Commander stated that he initially proposed a 14-day suspension with a 30-day driving restriction and later rescinded that proposal.  IAF, Tab 11 at 27-28.

speed while outside of the department's jurisdictional boundaries, he did not crash his vehicle or harm pedestrians. *Id.* at 22. He asserts that the agency improperly considered what might have occurred as a result of his actions rather than what actually occurred. *Id.* The appellant's argument is unavailing. Even if we were to consider only the aspects of this charge pertaining to the unsafe operation of the appellant's vehicle, we find that the agency was not obligated to wait for tragedy to occur before disciplining an employee for dangerous behavior. Moreover, the appellant committed similar misconduct three times during a single shift. IAF, Tab 9 at 8-9.

¶15   Similarly, the appellant argues that the agency exaggerated any possible violation of the Posse Comitatus Act. PFR File, Tab 1 at 26. He explains that the agency acknowledged that the department's jurisdictional coverage is intertwined with civilian geography and reiterates his argument that comparators who violated the Posse Comitatus Act received lesser penalties. *Id.* His argument is unavailing. The record shows that the appellant received extensive training and frequent reminders regarding prevention of Posse Comitatus violations and the violation of SOP 5.18. I-2 AF, Tab 5 at 86-87, Tab 6 at 15-16. Additionally, as noted above, he committed three separate violations—more than any comparator—on a night when the department was short staffed and he had been warned not to initiate police activity. IAF, Tab 9 at 8-9, Tab 11 at 14-16, 18. Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.